HYDEE FELDSTEIN SOTO, City Attorney
Office of the Los Angeles City Attorney
DENISE C. MILLS, Deputy City Attorney (SBN 191992)
denise.mills@lacity.org
200 North Main Street, 6th Floor, City Hall East
Los Angeles, California 90012
Phone: 213-978-6954

DANIEL S. ROBERTS, Bar No. 205535
droberts@colehuber.com
JEREMIAH D. JOHNSON, Bar No. 293200
jjohnson@colehuber.com
COLE HUBER LLP
2855 E. Guasti Rd., Suite 402
Ontario, California 91761
Telephone:  (909) 230-4209
Facsimile:   (909) 937-2034

Attorneys for Defendants City of Los Angeles, Chief Michel Moore, Officer Anthony Lopez and Officer Robert R. Martinez

Susan E. Coleman (SBN 171832)
E-mail:  scoleman@bwslaw.com
Lisa W. Lee (SBN 186495)
E-mail: llee@bwslaw.com
Burke, Williams & Sorensen, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA  90071-2953
Tel:  213.236.0600 Fax:  213.236.2700

Attorneys for Defendant
Officer Henry Felix

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN MONTEMAYOR,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES;<br>CHIEF MICHEL MOORE;<br>SERGEANT RUBEN T. MARTINEZ;<br>OFFICER HENRY FELIX;<br>OFFICER ANTHONY LOPEZ; and<br>OFFICER ROBERT R. MARTINEZ,<br><br>    Defendants. | Case No. 2:21-cv-03124-CBM (ASx)<br>The Hon. Consuelo B. Marshall<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO QUASH SUBPOENAS CONTAINING REQUESTS FOR PRODUCTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    January 16, 2024<br>Time:   10:00 a.m.<br>Crtrm.  8D<br><br>Jury Trial:    January 23, 2024 |

4876-0904-8474.1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

It is undisputed that Plaintiff's subpoenas for the production of documents were served well after the Court-ordered discovery cutoff in this case. Nevertheless, Plaintiff now opposes the motion to quash based on arguments and legal theories that have been previously rejected in the nearly identical case, Sepulveda v. City of Whittier, No. CV 17-4457-JAK (KSx), 2022 WL 20804352, at *3 (C.D. Cal. Feb. 16, 2022). In Sepulveda the Plaintiff—who was represented by the same counsel representing Plaintiff here—attempted to use trial subpoenas to obtain financial records to support a claim of punitive damages in a civil rights case brought under 42 U.S.C. 1983. Id. The analysis and ruling in Sepulveda is directly on point for this case and is provided below:

> Both trial subpoenas and pre-trial discovery subpoenas may be issued under Rule 45, but the two types of subpoenas are distinct. F.T.C. v. Netscape Comm'n's Corp., 196 F.R.D. 559, 560 (N.D. Cal. 2000) ("While both discovery and trial subpoenas may be issued under Rule 45, they are not the same thing."). A discovery subpoena under Rule 45 allows a party, during pre-trial discovery, to request production and inspection of books, documents, and tangible items from a non-party. Fed. R. Civ. P. 45(a)(5); and see Integra Lifesciences 1, Ltd. v. Merck KGaA, 190 F.R.D. 556, 561-62 (S.D. Cal. 1999).
>
> A trial subpoena under Rule 45 may request attendance at a trial, hearing, or deposition, but courts in this Circuit hold a Rule 45 trial subpoena may be issued to obtain documents for trial after close of discovery in limited circumstances. nSight, Inc. v. PeopelSoft, Inc., No. 04 CV 3836 MMC (MEJ), 2006 WL 988807 at *2 (N.D. Cal. Apr. 13, 2006). California federal

1 courts permit the use of a trial subpoena under Rule 45 to
2 obtain originals of documents that were disclosed previously
3 during discovery or to refresh memory at trial. Id. at *4.
4 Outside these "narrow circumstances... requests for production
5 of documents and things under Rule 45 constitute pre-trial
6 discovery and must be served within the designated discovery
7 period." Id. at 3.
8     Here, Defendants argue that Plaintiffs' Subpoenas issued
9 pursuant to Rule 45 are an impermissible effort to circumvent
10 the fact discovery cut-off. (See Motion to Quash at 5-6.)
11 Defendants cite numerous authorities in California and other
12 jurisdictions that hold a Rule 45 subpoena cannot be used to
13 obtain discovery after the discovery cut-off. (Id. at 5.) Plaintiffs,
14 on the other hand, contend the Subpoenas are a proper means of
15 seeking discovery for trial, positing that to the extent
16 Defendant's current net worth and financial condition would be
17 relevant to punitive damages, any information provided before
18 the May 2018 discovery cut-off "would not be relevant or
19 admissible to showing Defendant's net worth and financial
20 condition now." [Citation]. Plaintiff offers no argument or
21 evidence to show that the Subpoenas fall within either of the
22 two narrow exceptions for using Rule 45 trial subpoenas to
23 obtain documents after discovery has closed. Plaintiffs
24 demonstrate neither that they seek originals for use at trial of
25 documents previously obtained in discovery, nor that they seek
26 information to refresh any witness's memory at trial. Thus, the
27 Subpoenas are procedurally defective and may be quashed on
28 that basis alone.

Sepulveda, 2022 WL 20804352 at *3.

Plaintiff's opposition in this case relies on the same case law and arguments his counsel advanced in Sepulveda that the Court soundly rejected . Therefore, the portion of Plaintiff's trial subpoenas seeking the production of documents should be quashed.

## II. DISCUSSION

### A. The Cases Cited By Plaintiff Do Not Support Plaintiff's Arguments.

#### 1. Kane v. Sesac, Inc.

Plaintiff argues that "Rule 45 subpoenas may be used to obtain documents to be produced as evidence at trial," See Pltf's. Opp. at 4:8-9. Plaintiff cites to Kane v. Sesac, Inc., 3 F.R.D. 174 (S.D.N.Y. 1942) in support of his argument. However, review of the Kane case—which is only approximately six sentences—shows that it does not support Plaintiff's argument. The entirety of the Kane decision is provided below:

> The defendant Bregoff has in his answer set up a counterclaim against the plaintiff for $25,000. This counterclaim is asserted only against the plaintiff, and is not involved in the bankruptcy proceedings; it would in no way be affected by a stay or dismissal of the main action. I think, therefore, that the defendant Bregoff is subject to examination with respect to the counterclaim. The notice to produce is, however, objectionable. If the purpose is to inspect designated documents, etc., Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, should be followed; otherwise a subpoena should be obtained under Rule 45.
>
> The motion is denied insofar as it seeks to stay the examination or vacate the notice for the deposition; it is granted

as to the notice to produce, without prejudice to proceeding as above indicated.

3 F.R.D. 174.

As shown above, the very short <u>Kane</u> case addresses issues related to depositions, not evidence at trial. It does not reflect or support Plaintiff's argument that he may use a trial subpoena to conduct discovery after the Court's discovery cutoff. The portion of Plaintiff's trial subpoenas seeking the production of documents should be quashed.

### 2. <u>United States v. International Business Machines Corp.</u>

Plaintiff further argues that it is "proper for Plaintiff to subpoena records beyond those which he intends to introduce as evidence during a possible punitive damages phase." <u>See</u> Pltf's. Opp. 4:8-9. Plaintiff attempts to support his arguments by partially quoting <u>United States v. International Business Machines Corp.</u>, 71 F.R.D. 88 (S.D.N.Y. 1976). However, examination of the full quote reveals that this case also does not support Plaintiff's argument. The full quote is provided below:

> <u>Mr. Brueck asserts that since discovery in this case is continuing while the trial is underway</u> and since IBM intends to use the documents sought to prepare itself for Mr. Brueck's cross-examination and not necessarily for introduction into evidence the subpoena is one for 'discovery.' A 'discovery' subpoena duces tecum, Mr. Brueck argues, is within Rule 45(d) which provides that if the person to whom the subpoena is directed serves timely objections the party serving the subpoena must seek an order for inspection. Since Mr. Brueck has served timely objections and IBM has not moved this court for an order for inspection Mr. Brueck concludes that he need not comply with the subpoena.

> In response to this line of argument, IBM states in a footnote that because the subpoena is for trial preparation it is a trial subpoena and hence within Rule 45(e) and that in any event 'all questions concerning the enforceability of the subpoena are placed before the Court.
>
> The court agrees with IBM's conclusion that the instant subpoena is a trial subpoena and not within Rule 45(d). That rule addresses subpoenas duces tecum in connection with depositions and neither authorizes nor addresses subpoenas duces tecum which are unconnected to a deposition proceeding such as that served on Mr. Brueck. Nothing in the Rules or the case law limits a trial subpoena to demanding documents which are to be introduced at trial or excludes documents to be used in the preparation of a particular witness' testimony. The court concludes that the instant subpoena was for trial and that therefore IBM need not move for an order for inspection."

71 F.R.D. at 90 (S.D.N.Y. 1976) (emphasis added).

As shown above, discovery in <u>Int'l Bus. Machines Corp.</u> was continuing while trial was underway. In the present case, discovery has been closed for more than a year. Therefore, that case does not support Plaintiff's argument that he may use a trial subpoena to conduct discovery after the discovery cutoff . The portion of Plaintiff's trial subpoenas seeking the production of documents should be quashed.

### 3. <u>Nichols v. Scantibodies Clinical Laboratory, Inc.</u>

Finally, Plaintiff attempts to rely on <u>Nichols Institute Diagnostics, Inc. v. Scantibodies Clinical Laboratory, Inc.</u>, No. 02-CV-0046-B (JMA), 2005 U.S. Dist. LEXIS 52132 (S.D. Cal. Nov. 17, 2005) to support his claim that he can use trial subpoenas for discovery after the Court's discovery cutoff. However, this argument was also rejected by the <u>Sepulveda</u> court as stated below:

Plaintiff's reliance on <u>Nichols Institute Diagnostics, Inc. v. Scantibodies Clinical Laboratory, Inc.</u>, No. 02-cv-0046-B (JMA), 2005 WL 8173327 (S.D. Cal. Nov. 17, 2005), as allowing production of documents for trial under a Rule 45 subpoenas for documents "that came into existence after the discovery cutoff" cannot save the Subpoenas at issue here. [Citation].

In <u>Nichols</u>, a patent infringement action, the Defendant moved to quash a Rule 45 subpoena seeking information concerning a question of "bad faith litigation tactics" that would be relevant in the willfulness/damages portion of a bifurcated infringement trial. <u>Id.</u> at *1. At the outset, the Magistrate Judge noted that "Defendant is correct in asserting that Rule 45 subpoenas requesting documents are 'discovery' and are normally subject to court-ordered discovery deadlines." (<u>Id.</u> at 2.) The court went on to reason, however, that because the documents in question would corroborate (or contradict) a witness's explanation as to why he did not testify at the first trial, and documents confirming his whereabouts during the first trial did not exist during the initial fact discovery period, "the documents [were] clearly <u>relevant to an issue to be determined</u> at the second trial and are discoverable." (<u>Id.</u> at 2 (emphasis added).) Thus, in <u>Nichols</u>, the legal issue of willfulness was always an essential element in the patent damages analysis even though the particular bad faith allegations did not arise until after the liability phase in the first trial. Thus, the court in Nichols declined to quash the subpoena

      in <u>Nichols</u> because it sought documents that were relevant to an
      extant issue in the case. (Id. at 3.) Not so here."

<u>Sepulveda</u>, 2022 WL 20804352 at *4.

      The reasoning and holding in <u>Sepulveda</u> is directly on point in this case. As discussed in <u>Sepulveda</u>, the subpoenas in <u>Nichols</u> were the product of very specific, extreme, and unique circumstances that are not present in this case. Therefore, <u>Nichols</u> does not support the Plaintiff's arguments and the portion of the subpoena seeking the production of documents should be quashed.

## III. CONCLUSION

      Plaintiff's attempt to conduct further discovery well after the Court's discovery cut-off date by including extensive requests for production in trial subpoenas for the individual Defendants is improper.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

Moreover, the requests themselves are overbroad, unduly burdensome, and unnecessarily seek highly sensitive personal information. The portions of the subpoenas issued to the individual Defendants seeking production of documents should be quashed.

Dated: January 3, 2024         Respectfully submitted,

COLE HUBER LLP

By:  /s/ Jeremiah D. Johnson*
     Daniel S. Roberts
     Jeremiah D. Johnson
     Attorneys for Defendants City of Los Angeles, Chief Michel Moore, Officer Anthony Lopez and Officer Robert R. Martinez

Dated: January 3, 2024         BURKE, WILLIAMS & SORENSEN, LLP

By:  /s/ Lisa W. Lee
     Lisa W. Lee
     Brian S. Ginter
     Attorneys for Defendant Henry Felix

* Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer of this document attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants City of Los Angeles, Michel Moore, Anthony Lopez, and Robert Martinez, certifies that this brief contains 1172 words, which complies with the word limit of L.R. 11-6.1.

Dated: January 3, 2024         Respectfully submitted,

COLE HUBER LLP


By: _____/s/ Jeremiah D. Johnson_____
Daniel S. Roberts
Jeremiah D. Johnson
Attorneys for Defendants City of Los Angeles, Chief Michel Moore, Officer Anthony Lopez and Officer Robert R. Martinez