HYDEE FELDSTEIN SOTO, City Attorney
Office of the Los Angeles City Attorney
DENISE C. MILLS, Deputy City Attorney (SBN 191992)
denise.mills@lacity.org
200 North Main Street, 6th Floor, City Hall East
Los Angeles, California 90012
Phone: 213-978-6954

DANIEL S. ROBERTS, Bar No. 205535
droberts@colehuber.com
JEREMIAH D. JOHNSON, Bar No. 293200
jjohnson@colehuber.com
COLE HUBER LLP
2855 E. Guasti Rd., Suite 402
Ontario, California 91761
Telephone:   (909) 230-4209
Facsimile:   (909) 937-2034

Attorneys for Defendants City of Los
Angeles, Chief Michel Moore, Officer
Anthony Lopez and Officer Robert R.
Martinez

Susan E. Coleman (SBN 171832)
E-mail:  scoleman@bwslaw.com
Lisa W. Lee (SBN 186495)
E-mail: llee@bwslaw.com
Burke, Williams & Sorensen, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA  90071-2953
Tel:  213.236.0600 Fax:  213.236.2700

Attorneys for Defendant
Officer Henry Felix

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

BENJAMIN MONTEMAYOR,

                    Plaintiff,

          v.

CITY OF LOS ANGELES;
CHIEF MICHEL MOORE;
SERGEANT RUBEN T. MARTINEZ;
OFFICER HENRY FELIX;
OFFICER ANTHONY LOPEZ; and
OFFICER ROBERT R. MARTINEZ,

                    Defendants.

Case No. 2:21-cv-03124-CBM (ASx)
The Hon. Consuelo B. Marshall

**DEFENDANTS' OBJECTIONS TO
PLAINTIFF'S PROPOSED
SPECIAL VERDICT FORM**

[Filed concurrently with Defendants'
proposed alternative special verdict
form]

Jury Trial:
Date:    January 23, 2024
Crtrm.   8D

4875-3948-4318.1

1    Defendants City of Los Angles, Chief Michel Moore, and Officers Anthony
2    Lopez, Robert Martinez, and Henry Felix, by and through their respective
3    undersigned counsel of record, hereby make the following objections to Plaintiff's
4    proposed special verdict form (Doc. No. 222).  Defendants are filing concurrently
5    herewith their own alternative special verdict form to cure the defects in Plaintiff's
6    proposed form and respectfully ask the Court to use Defendants' form instead.

7

8    **<u>Objection to Plaintiff's Question 1</u>**

9    Plaintiff's proposed question 1, related to his claim for unlawful seizure by
10   excessive force, asks only whether either of the two Defendants on that claim used
11   excessive force; it fails to account for the requirement that Plaintiff establish
12   causation in order to prove his claim under Section 1983.  Use of excessive force is
13   not alone sufficient for a finding of liability on this claim; the Jury must also find
14   that any excessive force was "the cause" of Plaintiff's harm as to each individual
15   Defendant remaining on this claim.  <u>Harper v. City of Los Angeles</u>, 533 F.3d 1010,
16   1026 (9th Cir. 2008); see also <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988).
17   Plaintiff's verdict form does not contain the necessary finding by the jury that any
18   excessive force was the cause of Plaintiff's claimed injury.  Defendants' alternative
19   proposed verdict form cures this defect by including a question on causation.

20   This question also fails to instruct the jury how to proceed if they answer
21   "no".

22

23   **<u>Objection to Plaintiff's Question 2</u>**

24   Plaintiff's proposed question 2, related to his claim for First Amendment
25   retaliation, suffers the same defect as his question 1 – it does not require the jury to
26   find causation, as discussed above, that defendant's First Amendment retaliation was
27   "the cause" of the plaintiff's harm.  <u>Harper v. City of Los Angeles</u>, 533 F.3d 1010,

28

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

1026 (9th Cir. 2008).  Defendants' proposed alternative verdict form again cured this defect by including a question on causation.

**Objection to Plaintiff's Question 3**

Plaintiff's proposed question 3, related his <u>Monell</u> policy-or-custom theory, fails to ask the Jury to make the necessary finding that the alleged policy or custom was the cause, or "moving force" behind the alleged constitutional violation.  Such a finding is required to establish <u>Monell</u> liability on this theory.  <u>See Gravelet-Blondin v. Shelton</u>, 728 F.3d 1086, 1096 (9th Cir. 2013).  Defendants' proposed alternative verdict form cures this defect by expressly referring the Jury to the applicable jury instruction that contains all of the elements (including causation) it must find to impose liability on Plaintiff's policy-or-custom <u>Monell</u> claim.

**Objection to Plaintiff's Question 5**

Plaintiff's question 5 asks the Jury to find liability based on a fourth <u>Monell</u> theory – an alleged "policy that failed to prevent violations of law" – that was not pled in the operative First Amended Complaint and is not included in the Final Pretrial Conference Order signed by the Court.  The jury should not be presented a question on a claim for relief that is not at issue in this case.

**Objection to Plaintiff's Question 6**

Plaintiff's question 6 relates to his third pled <u>Monell</u> theory – failure to train.  The question Plaintiff attempts to propose to the jury, however, adds additional bases beyond failure to train, specifically failure to "supervise, discipline, or correct officers."  The jury instructions on this claim for relief (both Plaintiff's proposal and Defendants' proposal) pertain to a failure to train.  <u>See</u> Doc No. 224 (Pl's Disputed Jury Instr.) at ECF p. 22; Doc. No. 225 (Def.s' Disputed Jury Instr.) at ECF p. 32).  Plaintiff's proposed verdict form on this claim for relief is at best confusing to the

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

Jury, in that it invites them potentially to find liability on a theory (failure to supervise, failure to discipline, or failure to correct) which are not at issue in this case and which do not correspond to the jury instructions.  Defendants' proposed verdict form on this claim properly poses refers the Jury to the specific jury instruction on this claim and poses to them the question whether Plaintiff has proved all of the elements of that claim, as stated in that instruction, and should be used instead.

### Objection to Plaintiff's Question 7

Plaintiff's question 7 relates to his supervisory-liability claim against Police Chief Moore.  The question posed, however, bears no relationship to the elements of that claim as enumerated in the Final Pretrial Conference Order, or the corresponding jury instruction on this claim (regardless of which side's proposed instruction the Court chooses to give on this point).  Defendants' proposed verdict form on this claim properly poses refers the Jury to the specific jury instruction on this claim and poses to them the question whether Plaintiff has proved all of the elements of that claim, as stated in that instruction, and should be used instead.

### Objection to Plaintiff's Question 8

Plaintiff's question 8 relates to his claim for violation of California Civil Code § 52.1, the Bane Act.  Plaintiff's question on this claim includes lines for not only Officer Felix and Martinez, but a separate line asking the Jury whether the City of Los Angeles itself violated the Bane Act.  The City's liability on this claim, however, can only be vicarious, through the actions of Offices Felix, Martinez, or both.  There is no independent basis for liability under this claim.  The separate line for the City within this question is either unnecessary or invites an inconsistent verdict.  If the Jury finds either or both of those officers violated the Bane Act, it is unnecessary to ask about the City because it is vicariously liable under state law for

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

the violation by its employees.  If the Jury finds that neither officer violated the Bane Act, the answer to that question as to the City must also automatically be "no." Giving the Jury the opportunity to answer this question "no" as to Officers Felix and Martinez, but "yes" as to the City only invites an inconsistent verdict.  The separate line for Defendant City should be omitted from the verdict form provided to the jury on this claim.

Plaintiff's question is also incomplete, confusing and misleading.  It does not address all the required elements (i.e., that defendant intended to deprive plaintiff of his enjoyment of his First Amendment rights),and ignores harm and causation. (CACI 3066).  As with question No. 1, whether a use of force is reasonable under federal and state law is based on the same "objectively reasonable" standard as a Fourth Amendment unlawful use of force claim.  In addition, if the jury finds "no" on the use of force claim, the Bane claim also fails and the jury should not be required to answer this question.  If allowed to answer this question without the appropriate instructions to skip it if they found "no" on the use of force claims, it could create the potential for an inconsistent verdict.

In addition, since the jury will already have made a finding as to the reasonableness element, the jury should answer this Bane Act question as to the remaining element of specific intent only.  The required scienter is a "specific intent" to violate the person's civil rights.  To prevail on a Bane Act claim premised on excessive use of force, the plaintiff must establish all of the elements of a Section 1983 excessive force, ***and*** prove that the officer had a *specific intent* "a specific intent to violate the arrestee's right to freedom from unreasonable seizure." *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1043-44 (9th Cir. 2018); *B.B. v. County of Los Angeles*, 25 Cal. App. 5th 115 (2018); *M.M. v. Cty of San Mateo,* 2020 U.S. Dist. LEXIS 3831, *33 (N.D. Cal. Jan. 9, 2020).  Evidence simply showing the officer's conduct amounted to a constitutional violation under an objectively reasonable standard is insufficient.  *Reese, supra,* 888 F.3d at 1045.  "[W]e conclude that, to

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

establish liability under the Bane Act, a plaintiff must prove the defendant acted with a specific intent to violate the plaintiff's civil rights." *B.B., supra,* 25 Cal. App. 5th at 133.  The California courts have further held that "The act of interference with a constitutional right must itself be deliberate or spiteful." *Julian v. Mission Community Hospital*, 11 Cal.App.5th 360, 395 (2017).

Defendants' alternative proposed verdict form, along with Defendant's proposed jury instructions, cure these defects.

### Objection to Plaintiff's Question 9

Plaintiff's question 9 relates to his claim for violation of California Civil Code § 51.7, the Ralph Act.  Plaintiff's question is incomplete and misleading.  It does not address all the required elements (substantial motivating reason was defendant's perception of political affiliation), and ignores harm and causation. (CACI 3063).  Also, Plaintiff's question misstates the element of "political affiliation" by inserting "political view," which is not contained in CACI 3063.

Defendants' alternative proposed verdict form, along with Defendant's proposed jury instructions, cure these defects.

### Objection to Plaintiff's Question 10

Plaintiff's question 10 relates to his claim for battery by a peace officer under state law.   Plaintiff's question is incomplete as it refers to "battery," which has different elements than those for battery by a peace officer.

Defendant's proposed language and instructions cure these defects.

### Objection to Plaintiff's Question 11

Plaintiff's question 11 relates to his negligence claim for relief.  It improperly asks the Jury whether the City of Los Angeles and Officer Lopez was negligent. The Court granted summary judgment to Officer Lopez on Plaintiff's negligence

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

1  claim, however.  See Doc. No. 152 at p. 25, ¶ 13 ("Lopez's motion for summary

2  judgment as to Plaintiff's Negligence claim is GRANTED.").  As to the City, there

3  is no direct claim for negligence against the City; liability can only be vicarious

4  based on the negligence of a City employee.  See, e.g., Avila v. California, Case No.

5  1:15-CV-00996 JAM (GSA), 2015 WL 6003289, at *6 (E.D. Cal. Oct. 14, 2015);

6  see also Zelig v. Cty. of Los Angeles, 27 Cal. 4th 1112, 1132 (2002) (basic rule of

7  negligence codified in California Civil Code § 1714 not sufficient statutory basis to

8  overcome rule of government-entity immunity under Government Code § 815; thus,

9  no direct liability for negligence).  The Jury should not be asked to determine

10  whether the City or Officer Lopez were negligent.

11      Defendants further object to Plaintiff's question 11 on the ground that

12  although it fails to give the Jury an opportunity to find comparative negligence on

13  the part of Plaintiff, an affirmative defense pled by all Defendants to Plaintiff's

14  negligence claim.

15      The alternative verdict form proposed by Defendants remedies each of these

16  issues by omitting lines for the City and Officer Lopez, and by including the

17  necessary questions on the comparative negligence defense.  The Court should use

18  Defendants' proposed form instead.

19

20  **Objection to Plaintiff's Question 13**

21      Plaintiff's question 13 relates to his claim for intentional infliction of

22  emotional distress.  The question suffers similar defects to Plaintiff's question 11

23  discussed above.[1]  Plaintiff again includes lines for all five of the named

24  Defendants, including the City of Los Angeles and Chief Moore.  Similar to

25  negligence, discussed above, there is no basis for direct liability against the City for

26  intentional infliction of emotional distress.  Moreover, Plaintiff voluntarily

27

28  [1]      Plaintiff's proposed verdict form skips question 12.

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

dismissed his IIED claim against Chief Moore prior to summary judgment.  See Doc. No. 67-1 at ¶ (d).

Moreover, Plaintiff's form omits any question related to Defendants' affirmative defense to the IIED claim of privileged conduct.  Defendants' alternative proposed verdict form cures both of these defects by eliminating the lines for the City and Chief Moore, and by adding a question regarding the affirmative defense.  Defendants' form should be used instead.

### Objection to Direction Following Plaintiff's Question 13

Plaintiff's proposed form, following question 13, directs the jury to answer questions 14 and 15, regarding damages and the prerequisite for punitive damages, only if the Jury has answered "yes" to one of the previous questions establishing a basis for liability against one or more of the Defendants.  It does not direct the Jury what to do if it answers "no" to each of those liability questions.  At minimum the verdict form should include a direction "If you answered "no" to each of those questions, please STOP and answer no further questions.  Have your foreperson sign this form at the bottom and notify the Marshal that you have reached a verdict."

### Objection to Plaintiff's Question 14

Plaintiff's question 14, regarding the amount of damages, fails to specify what damages were caused by what action(s), and therefore by which Defendant(s).  There are multiple, discrete, individual Defendants in this case, each of which is alleged to have acted in a distinct way.  Plaintiff sues Officer Lopez for pulling down his banner, Officer Martinez for striking him with a baton, and Officer Felix for discharging a 40mm less-lethal launcher at him.  Those distinct actions did not equally cause the damages Plaintiff claims.  For example, neither pulling the banner nor the alleged baton strike caused Plaintiff's testicular injury or alleged back injury.  Neither Officer Lopez nor Officer Martinez, then, can be held liable for any

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

damages related to Plaintiff's testicular or back injuries.  While Defendants agree with Plaintiff that, if the Jury finds liability, it is appropriate to have a single line for the Jury to specify the amount of Plaintiff's damages, in order to eliminate the potential for double counting of damages, each Defendant needs to know what portion (by percentage) of those damages the Jury determines he caused. Defendants' alternative proposed verdict form includes such a question and should be used instead of Plaintiff's proposed form.

### Objection to Plaintiff's Question 16

Plaintiff's question 16 asks the Jury to specify the amount of punitive damages it imposes against each individual Defendant it finds acted with malice, oppression, or in reckless disregard of Plaintiff's rights.  Pursuant to this Court's ruling on Defendant Felix's motion <u>in limine</u> no. 1 (Doc. No. 247), the question of the amount of punitive damages will be tried only after, and if, the Jury returns a verdict on liability and compensatory damages and finds the predicates required for punitive damages.  This question, therefore, should not be included on the verdict form provided to the Jury regarding liability and compensatory damages.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    Defendants are filing concurrently herewith an alternative proposed verdict

2  form that addresses each of these defects in Plaintiff's form, and respectfully request

3  use their alternative form instead of Plaintiff's proposed form.

4

5  Dated:  January 16, 2024                    Respectfully submitted,
                                                COLE HUBER LLP
6

7                                               By:  _____/s/ Daniel S. Roberts*_____

8                                                    Daniel S. Roberts

9                                                    Jeremiah D. Johnson
                                                     Attorneys for Defendants City of Los
10                                                   Angeles, Chief Michel Moore, Officer
                                                     Anthony Lopez and Officer Robert R.
11                                                   Martinez

12
   Dated:  January 16, 2024                    BURKE, WILLIAMS & SORENSEN, LLP
13

14                                              By:  _____/s/ Lisa W. Lee_____

15                                                   Lisa W. Lee

16                                                   Brian S. Ginter
                                                     Attorneys for Defendant
17                                                   Henry Felix

   *  Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer of this Stipulation attests that all
18 other signatories listed, and on whose behalf the filing is submitted, concur in the
   filing's content and have authorized the filing.

19

20

21

22

23

24

25

26

27

28

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761